UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REBECCA MCGARRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No._____ |
| v. ) | |
| ) | |
| CHASE AUTO FINANCE CORP.; ) | |
| NEW ENGLAND ADJUSTMENT ) | |
| BUREAU, INC.; ) | |
| and JOHN DOE ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

## INTRODUCTION

The plaintiff, Rebecca McGarry, was awoken late one night by a tow truck driver at her home to repossess her car. The repossession, which was ultimately consummated, was wrongful in several respects: the car lender did not have a right to take the car, it unlawfully entered onto the plaintiff's property without her permission, and it seized the car over the plaintiff's vigorous objection. The latter constituted a breach of the peace, and the plaintiff now sues for damages.

## PARTIES

1.    Plaintiff Rebecca McGarry is an individual consumer residing in Lowell, Massachusetts.

2. Defendant New England Adjustment Bureau, Inc. ("NEAB") is a corporation organized under the laws of the State of New Hampshire with a principal place of business at 89 Lowell Road, Salem, NH 03079.

3. NEAB is engaged in trade or commerce and uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

4. NEAB is a debt collector as defined by 15 U.S.C. § 1692a(6).

5. On information and belief, NEAB does not maintain a place of business in Massachusetts.

6. On information and belief, NEAB does not keep assets in Massachusetts.

7. On information and belief, Defendant John Doe is an individual employed by NEAB.

8. On information and belief, Mr. Doe is engaged in a business the principal purpose of which is the enforcement of security interests.

9. Chase Auto Finance Corp. ("Chase") is a banking corporation with its usual place of business at 900 Stewart Avenue, Garden City, New York. Chase has registered agent in Massachusetts at CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.

10. Chase is engaged in trade or commerce.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. § 1692k.

2

12. This Court has supplemental jurisdiction over the state law claims against the relevant defendants under 28 U.S.C. § 1367(a) as these claims are so related to federal question claims that they form part of the same case or controversy under Article III of the United States Constitution.

13. Venue in this district is proper as the plaintiff resides in this district and the events giving rise to this action occurred here.

## FACTUAL ALLEGATIONS

14. The plaintiff had a car loan debt with Chase.

15. This debt was incurred by the plaintiff for personal, family, or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

16. The debt was incurred by the plaintiff in the course of her purchase of a 2006 Jeep Commander (the "vehicle" or "car").

17. The vehicle was a consumer good.

18. The purchase of the vehicle was a consumer transaction.

19. At some point during the term of the debt, Chase began an attempt to repossess the vehicle.

20. On or about September 27, 2010, at around midnight, NEAB, on behalf of Chase, arrived at the plaintiff's residence to repossess her vehicle.

21. The plaintiff looked out her window to see a NEAB employee ("John Doe" or "repossession agent") in the process of hooking her vehicle to his tow truck.

22. The plaintiff's vehicle was in her driveway at this time.

23.     The repossession agent entered onto property owned by or rented by the plaintiff without obtaining the plaintiff's consent at the time of the entry.

24.     The plaintiff left her house and confronted the repossession agent in her driveway.

25.     The plaintiff told the repossession agent that he could not take her car and that he must leave her property.

26.     The repossession agent told the plaintiff that he was going to take her car whether she liked it or not.

27.     The plaintiff continued to vigorously object to the repossession attempt.

28.     The repossession agent threatened to call the sheriff if the plaintiff did not acquiesce to the repossession.

29.     Repossession is a "self-help" remedy.  It is permitted under certain circumstances but, unlike replevin, it is a private matter conducted without the authority of a court order.

30.     The repossession agent continued with the repossession over the plaintiff's objections, ultimately towing the vehicle out of the her driveway.

31.     Chase failed to send the plaintiff a notice entitled "Rights of Defaulting Buyers under the Massachusetts Motor Vehicle Installment Sales Act" as required by M.G.L. Ch. 255(b) § 20A before the repossession.

## CLAIMS FOR RELIEF

### Count I

### Violation of the Fair Debt Collection Practices Act

### (Against NEAB and John Doe)

32.     Plaintiff incorporates and realleges the foregoing paragraphs.

33.     NEAB took a nonjudicial action to effect the dispossession or disablement of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest.

34.     In doing this, NEAB violated 15 U.S.C. § 1692f (6)(A).

35.     NEAB's actions caused the plaintiff actual damages.

36.     Pursuant to 15 U.S.C. § 1692k, the plaintiff asks the Court to award her statutory damages of $1,000, actual damages, declaratory relief the Recovery Solutions' conduct violated the FDCPA, reasonable attorney's fees, and the costs of this action.


## Count II

### Violation of the Massachusetts Consumer Protection Act

### (Against NEAB and John Doe)

37.     Plaintiff incorporates and realleges the foregoing paragraphs.

38.     The defendants repossessed the plaintiff's car when there was no right to do so under applicable law, namely M.G.L. c. 255B, § 20A and M.G.L. c. 106, § 9-609.

39.     In violation of M.G.L. c. 255B, § 20B, the defendants breached the peace by failing to stop the repossession attempt when confronted by the plaintiff's objections and by falsely invoking law enforcement authority.

40.     The defendants also violated M.G.L. c. 255B, § 20B by entering onto property owned or rented by the plaintiff without her prior or contemporaneous consent.

41.     Pursuant to M.G.L. c. 255B, § 6, any violation of Chapter 255B is a *per se* violation of M.G.L. c. 93A.

42.     NEAB's unfair and/or deceptive acts in the course of trade or commerce caused the plaintiff injury.

43.     Pursuant to M.G.L. c. 93A, § 9, the plaintiff asks the Court to award her up to three but not less than two times her actual damages, statutory damages, reasonable attorney's fees, and the costs of this action.

## Count III

### Violations of the Massachusetts Commercial Code

### (Against Chase and NEAB)

44.     Plaintiff incorporates and realleges the foregoing paragraphs.

45.     The defendants repossessed the plaintiff's car when there was no present right to do so under M.G.L. c. 106, § 9-609.

46.     The defendants breached the peace in the course of the repossession in violation of M.G.L. c. 106, § 9-609.

47.     Chase had a non-delegable duty not to breach the peace in the course of its repossession.

48.     The defendants' violations of the Massachusetts Commercial Code caused the plaintiff damages.

49.     Pursuant to M.G.L. c. 106, § 9-625, the plaintiff asks the Court to award her actual damages but in any event an amount not less than the credit service charge plus 10 per cent of the principal amount of the obligation or the time-price differential plus 10 per cent of the cash price (as provided by M.G.L. c. 106, § 9-625(c)(2)), and the costs of this action.

### Count IV

## Declaratory Judgment

### (Against Chase)

50.     Plaintiff incorporates and realleges the foregoing paragraphs.

51.     Chase's repossession of the plaintiff's car violated M.G.L. c. 255B, § 20B in two key ways:

      a.  Chase effectuated its repossession by entering onto the plaintiff's property without her prior or contemporaneous consent; and

      b.  Chase breached the peace in the course of its repossession.

52.     Any violation of M.G.L. c. 255B, § 20B is an absolute bar to collection of a repossession deficiency.  M.G.L. c. 255B, § 20B(e)(1).

53.     The plaintiff seeks a declaration that any such deficiency is legally unenforceable due to Chase's violations of M.G.L. c. 255B, § 20B.


      WHEREFORE, the plaintiff, Rebecca McGarry, respectfully requests that this Court:

A. Enter judgment for the plaintiff against the defendants for actual damages pursuant to 15 U.S.C. § 1692k.

B. Enter judgment for the plaintiff against the defendants for statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.

C. Enter judgment Declaring that the defendants' actions violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

D. Award the plaintiff reasonable attorney's fees and the costs of this action against the defendants pursuant to 15 U.S.C. § 1692k(a)(3).

E.  Enter judgment against the defendants for up to three but not less than two times his actual damages, statutory damages, reasonable attorney's fees, and the costs of this action, pursuant to M.G.L. c. 93A, § 9.

F.  Pursuant to M.G.L. c. 106, § 9-625, enter judgment against the defendants, jointly and severally, for her actual damages but in any event an amount not less than the credit service charge plus 10 per cent of the principal amount of the obligation or the time-price differential plus 10 per cent of the cash price, and the costs of this action.

G.  Grant such other relief that the Court deems just.

## JURY DEMAND

The plaintiff demands a trial by jury on each count so triable.

Respectfully submitted, this 22th day of February, 2011.

REBECCA MCGARRY,
by her attorney,

Nicholas F. Ortiz, BBO# 655135
306 Dartmouth Street
Suite 501
Boston, MA 02116
(617) 716-0282